J. H. PHILLIPS, Trustee for JOHN WILSON, v. OLOF LUND AND
GEORGE YARN. Appellants.

REFORMATION EVIDENCE—*Review on Appeal.*

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, APRIL 9, 1897.

ACTION in equity to compel the defendants, as co-sureties with
John Wilson who paid the debt secured, to contribute their portion of
the amount paid.

Defendants answered setting up certain defenses as will herein-
after appear; judgment was rendered in favor of plaintiff against each
of the defendants, and from which they each appeal.

*Read & Read* for appellant.

*W. G. Harvison* for appellee.

GIVEN, J.—I. There is no question that unless one or more of the
defenses pleaded are established, the plaintiff is entitled to judgment
as rendered.

The contentions will be better understood by stating the follow-
ing facts, about which there is little, if any, dispute.

On and after April, 1889, a corporation called the Bloomfield Coal
& Mining Company, was operating a mine on land leased from O. C.
Peterson. At that time the company was composed largely, if not
entirely, of O. C. Peterson, H. C. Hansen, D Lund, L. Stahlgreen, John
Wilson, Fred Johnson, George Yarn and C L. Dahlberg, all of whom
were stockholders, and most of whom were officers of the corporation.
The coal under the Peterson land had been so far exhausted that the
company was mining on adjoining land, and desired to secure from
Peterson the privilege of taking out the coal so mined, through the
entry and shaft on his land. Peterson desired to borrow four thousand
dollars from Hansen on the land as security, but there being other
mortgages upon it, it was not deemed sufficient.

The proposition that the company would go security for Peterson
if he would grant said privilege, was discussed and the conclusion
reached, that the company could not, or would not, go as such secur-
ity. On the second day of April, 1889, said Lund, Stahlgreen, Wilson,
Johnson, and Yarn signed five promissory notes for eight hundred
dollars each as security for Peterson to Hansen, which notes were
further secured by mortgage on said land, and of which notes the two
in suit are a part. In 1892, Hansen brought his action on these notes,
they being unpaid, against all the makers, for judgment and foreclos-
ure of said mortgage. Judgment and decree of foreclosure were

rendered on default against all the said defendants except these defendants, Lund and Yarn, who appeared and answered substantially as they have answered in this case. Special execution was issued on said judgment for the sale of the land and it was bid in by Wilson for eighty-two dollars and sixty-nine cents. Wilson, to protect himself from execution did, on March 24, 1893, pay to Hansen one thousand nine hundred and seventy-four dollars and thirty-four cents, the amount of said judgment, and took a transfer thereof and of the notes upon which it was rendered to J. H. Phillips in trust for Wilson. Subsequently Stahlgreen and Johnson paid to Wilson their portion of said judgment.

II. The defendants set up these defenses, namely: That they signed said notes at the solicitation of John Wilson and upon his representation that C. L. Dahlberg would sign the same, and his promise and agreement that said notes would not be delivered unless Dahlberg did sign them.

That as a further inducement for them to sign said notes, said Wilson promised and agreed that he would not deliver them unless Peterson granted to said company the right to take out coal mined on adjoining lands by way of the entry and shaft on his land.

They allege that Wilson wrongfully and fraudulently delivered said notes without their being signed by said Dahlberg and without said Peterson having granted said privilege to the Coal company.

These two defenses may be considered together. The evidence in relation to them is conflicting, Lund and Yarn testifying one way and Stahlgreen and Wilson another, as to what took place at the time defendant signed the notes. It seems probable that defendants did expect Dahlberg would sign the notes, and that the company would secure the desired privilege by those persons enabling Peterson to borrow the money. These expectations were based upon talks they had generally upon the subject, and not upon any representation, promise or agreement made by Wilson.

Wilson was not an officer of the company, and but recently a stockholder. The preponderance of the evidence is in favor of the conclusion that it was Stahlgreen who was president of the company, who took the notes of defendant to sign, and that whatever was said as inducement, was by him and not Wilson.

We think the defendants have failed to sustain either of these defenses by a preponderance of the evidence.

III. The other defense alleged is in substance this: That there was pending in this court on appeal, and in the district court, suits growing out of the business and affairs of said corporation. The said action of Hansen against these defendants and others, in which these defendants had answered, was also pending on their said answer. That it was proposed to settle all matters in controversy growing out of said litigation, and that these defendants required as a condition of their consent to the settlement of said causes, that the controversy between them and John Wilson should also be settled.

They allege "that thereupon it was verbally agreed between these defendants and the said John Wilson that he, the said John Wilson, would become responsible for the payment of said notes to the said Hansen, and would save and protect these defendants from any and all liability thereon, and thereupon these defendants consented to the settlement of the said other actions, which was accordingly done." They say that thereafter said action brought against Hansen, against them and others, was dismissed; that Wilson purchased the mortgaged property in pursuance of said agreement, and paid Hansen the remainder of the judgment, not as surety, but in pursuance of said agreement.

On the first day of November, 1892, a stipulation in writing was entered into and signed by all the parties concerned, wherein all the litigation other than the case of Hansen against these defendants and others, was settled.

It is not claimed that there is any reference in said stipulation to the case of Hansen pending on the answer of these defendants.

Their contention is that it was agreed between them and Wilson, as alleged, and that, therefore, Wilson has no right to charge them with contribution. Here again the evidence is quite conflicting, but we think, the defendants have failed to establish, by a preponderance of the evidence, the burden that rests upon them. It will serve no good purpose to set out or discuss the evidence, it is sufficient to say that we think the defendants have failed to establish the alleged agreement by a preponderance of the evidence.

The judgment of the district court is AFFIRMED.